UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 OCT 23   PM 3: 54

CLERK

PC

DEPUTY CLERK

| | | |
|---|---|---|
| EDWARD J. DAVIS & SONS CORP. | ) | |
| d/b/a ED DAVIS AUTOS & RV'S | ) | |
| Plaintiffs | ) | Civil No.: 5:13 BCv-286 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL UNDERWRITERS | ) | |
| INSURANCE COMPANY and | ) | |
| ZURICH INSURANCE COMPANY | ) | |
| Defendants | ) | |

**PLAINTIFF'S FIRST COMPLAINT
FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Edward J. Davis & Sons Corp, d/b/a Ed Davis Autos & RV's

(hereinafter "Ed Davis"), by and through its attorney, Thomas C. Bixby, Esq., of Law Offices of

Thomas C. Bixby, LLC, and hereby requests this Court to Order that the Defendants provide

coverage for a fire loss occurring on or about March 17, 2013.   As grounds thereon, the Plaintiff

states the following:

I.      THE PARTIES

1.      Plaintiff, Ed Davis, is corporation involved in automobile sales and service
incorporated in the State of Vermont with a principal place of business located at
751 Washington Street, Town of Fair Haven, County of Rutland.

2.      Defendants, Universal Underwriters Insurance Company and Zurich Insurance
Company, are affiliated Corporations from Sweden with a United States principal
place of business located in Schaumburg, Illinois.

3.      Defendant, Universal Underwriters Insurance Company, is, upon information and
belief, to be a subsidiary of Zurich Insurance Company.   Hereinafter both
companies will be referred to as the "Carrier".

4.      On March 17, 2013, Plaintiff Ed Davis insured its automobile business and
premises with the Carrier. (**Exhibit 1** is a copy of said policy).

1

II.    JURISDICTION

5.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

6.     There is diversity jurisdiction as the Carrier is an out-of-state corporation and Plaintiff resides in the State of Vermont.

7.     The amount in controversy exceeds $75,000.00 based upon the loss of the building, contents of the building and damage to the vehicles on the property that were in the garage portion of the building at the time of the fire.

III.   THE FACTS

8.     On March 17, 2013, there was a fire that is believed to have originated in the garage area of the premises which engulfed some vehicles in the garage and then caused significant fire damage to the rest of the premises and its contents.

9.     Plaintiff's owner Ed Davis reported the fire to the Carrier.

10.    There is no dispute that the fire occurred during the coverage period with the Carrier.

11.    The Defendant Carrier sent a fire investigator, Mr. Austin, out to investigate the fire; however, Defendant Carrier has refused to produce this fire investigation report.

12.    Despite request for payment of insurance proceeds to rebuild the premises and replace contents, Defendant Carrier has not paid any monies.

13.    On or about April 22, 2013, without a Statement Under Oath, Defendant Carrier wrote to Plaintiff and declared that "the fire loss was intentionally caused by your client Edward J. Davis Sons Inc." (Exhibit 2, Zurich Letter dated 4/22/13).

14.    On May 29, 2013, Plaintiff's counsel wrote to Defendant Carrier's Counsel and requested items such as the "claims file" and the bases upon which the denial was made. (Exhibit 3).

15.    Defendant Carrier then reversed its denial of the claim and continued to investigate the claim under a "reservation of rights"; however, despite Mr. Davis submitting to a Statement Under Oath, providing Tax Returns, Financial information of the company, documentation of the loss, costs of rebuild, Defendant Carrier has not paid one penny to the Plaintiff.

16.    It should be noted that Ed Davis has been cited for the alleged crime of arson, however, that criminal matter is being challenged and other than Mr. Davis being at the business prior to the fire no other evidence has come forth proving the crime.

17.    Moreover, there are other vehicles on video near the scene prior to the fire, there is a broken window that was not present prior to the day of the fire which may evidence a break in and several other factors that would vindicate Mr. Davis.

18.    In order to prove a case of arson Defendant Carrier must prove motive, opportunity, incendiary cause of a fire. *Dempsey v. Auto Owners Insurance Company*, 717 F.2d 556 (1983).

19.    Defendant Carrier has the burden of proof on the arson defense. *Great American Ins. v. K&W Log*, 22 Wn App. 468, 591 P.2d 457 (1979); *Knights Templar & M. Life Indemnity Co. v. Berry*, 50 F. 511 (8th Cir. 1892); *Welch v. Fraternal Aid Union*, 214 Mo. App. 443, 253 S.2. 187 (1923); *Anderson v. General Accident Fire & Life Assur. Corp.*, 58 App.Div. 2d 568, 395 N.Y.S.2d 118 (1977); *Travelers Indemnity v. Lee*, 204 So. 2d 759 (Fla.App. 1967); *Pacific Ins. Co. v. Frank*, 452 P.2d 794 (Okla. 1969); *Dairy Queen of Fairbanks, Inc. v. Travelers Indemnity Co.*, 748 P.2d 1169 (Alaska 1988).

20.    The Defendant Carrier needs facts; mere speculation is insufficient to support an arson defense. *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 9077, 792 P.2d 520(1990); *Safeco Ins. Co. v. JMG Restaurants*, 37 Wn App. 1, 680 P2d 409 (1984).

21.    In *Britton v. Farmers Ins. Group*, 221 Mont. 67, 88 (Mont. 1986), a Montana Court held "[i]n Circumstantial evidence alone may be relied upon to prove the defense of incendiarism but the proofs should do more than throw a mere suspicion of guilt on the insured. The insurer may not rest upon speculation and conjecture alone. However, a preponderance of the evidence is sufficient to establish the arson." Citing, *Great American Insurance Company v. K&W Log, Inc.* (1979), 22 Wash.App. 468, 591 P.2d 457.

22.    With this background, Defendant Carrier has failed to produce any evidence of any basis for a denial.

23.    As a result of a failure to pay benefits, pursuant to the policy, Plaintiff requests this Court Order Defendant to pay said policy benefits with attorney fees and costs.

WHEREFORE, Plaintiff hereby requests that the Court:

Declare that Plaintiff is an insured under Defendant Carrier's policy at the time of the fire.

The Plaintiff requests the Court determine any and all other rights and damages of the Plaintiff

under said policy.  Plaintiff requests any and all other relief which the Court deems just and

equitable.

Dated at the City of Rutland, County of Rutland, and State of Vermont this _23_ day of
October, 2013.

EDWARD J. DAVIS & SONS CORP.
d/b/a ED DAVIS AUTOS & RV'S
Plaintiff,


By_____
Thomas C. Bixby, Esq.
Law Offices of Thomas C. Bixby, LLC
Attorneys for Plaintiff
21 Merchants Row
Rutland, VT 05701
802-775-3229
tcblawvt@gmail.com

4